## J. M. FOGG *vs.* OTIS W. LAWRY.

Somerset.   Decided February 26, 1878.

*Partnership.*

A creditor of one of the partners of a firm may attach such partner's interest in a specific portion of a stock of goods belonging to the firm, and is not required, in order to render the attachment regular, to take the partner's interest in the entire stock of goods.

ON EXCEPTIONS.

CASE, under R. S., c. 113, § 51, to recover damages for the fraudulent conveyance to the defendant of one W. P. Farnsworth's interest in a stock of goods which Farnsworth and the defendant owned as copartners.   Immediately before the alleged fraudulent conveyance, the plaintiff placed a writ in an officer's hands for the purpose of attaching that interest, a fact known to Farnsworth and the defendant.   The testimony was conflicting as to whether the plaintiff instructed the officer to make an attachment of sufficient amount of the partnership property to secure his debt, as the defendant claimed, or to make an attachment of Farnsworth's interest in a part of the stock, as the plaintiff claimed.

The presiding justice instructed the jury that a separate creditor might, on a writ against one member of a firm, attach his interest in all the copartnership property, but had no right to attach his interest in a part of the goods.   The verdict was for the defendant; and the plaintiff alleged exceptions to the foregoing ruling and to another alluded to in the opinion.

*S. S. Brown,* for the plaintiff, contended that it was error to instruct the jury that, a regard for the rights of partnership creditors forbade the attachment of defendant's interest in a part of the goods, because if the statement of the principle were correct, no one except a partnership creditor could invoke it,—the defendant could not.   *Douglas* v. *Winslow,* 20 Maine, 89.   But the rule protecting the rights of partnership creditors makes no distinction between the attachment of the interest in a part and in all of the goods.

*D. D. Stewart,* for the defendant, cited *Douglas* v. *Winslow, supra. Moore* v. *Pennell,* 52 Maine, 162. *Allen* v. *Wells,* 22 Pick. 450.

PETERS, J. It was made a material question at the trial of this case, whether an officer, who has a writ in favor of a creditor of one of the partners of a firm, could properly attach such partner's interest in a specific portion of a stock of goods belonging to the firm, where the goods are situated together; or whether, in order to make the attachment valid, the interest of such partner in the entire stock of goods must be taken. The ruling was that the interest in the entire stock only could be attached. The learned judge evidently had in mind the rule appertaining to sale upon execution rather than that applying to an attachment upon writ. The officer could attach the interest of the debtor in any portion of the goods. Upon execution, he could sell only such interest as the debtor would have in the property attached after all the partnership debts and any balances due the other partners were satisfied and paid. The purchaser would get merely the legal estate of the individual debtor in the particular goods sold, subject to the rights of the other partners and creditors of the firm. A private creditor might not be justified in attaching his debtor's interest in an entire stock of goods of a partnership, if the demand is small and the stock large, and the debtor's interest therein much more than necessary to satisfy all claims against him. We see no more necessity of attaching the debtor's interest in the whole of a particular stock, than there would be to attach his interest in all the property of the firm of which he is a member, however extended and situated. It would often be impossible to accomplish that. The other exception is not considered. This one is sustained. *Hacker* v. *Johnson,* 66 Maine, 21. *Parker* v. *Wright,* Id. 392.

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.